## J. E. LAUGEL

### *v.*

## THE CITY OF BUSHNELL.

*Opinion filed April 16, 1902—Rehearing denied June 10, 1902.*

1. MUNICIPAL CORPORATIONS—*power of city to declare nuisances is not unrestricted.* The power given to city councils by subdivision 75 of section 63 of article 5 of the City and Village act, providing that they may "declare what shall be a nuisance," etc., is not so broad and unrestricted as the language would indicate.

2. SAME—*when determination of council concerning nuisances is conclusive.* If a thing is in its nature, or because forbidden by law, a nuisance, or if, in its nature, it may be a nuisance, although there might be an honest difference of opinion upon that point, the determination of the council that it is a nuisance is conclusive. (*North Chicago City Railroad Co.* v. *Lake View*, 105 Ill. 207, and *Village of DesPlaines* v. *Poyer*, 123 id. 348, reconciled.)

3. SAME—*what cannot arbitrarily be declared a nuisance.* Trades, occupations, etc., which in their nature are not nuisances but which may become so by reason of their locality, surroundings or the manner in which they are conducted, etc., cannot be arbitrarily declared to be nuisances, but only when, under the circumstances, they are so in fact.

4. SAME—*what may be declared to be a nuisance.* A city council has power to declare that any place in the city "where hop ale, hop

mead, malt mead, cider or other like drinks are kept for sale, are sold or given away, either directly or indirectly, in any quantity whatever," is a nuisance, and such determination is conclusive.

5. EVIDENCE—*when admission of evidence to show intoxicating quality of drinks is not prejudicial.* In an action for maintaining a nuisance under an ordinance declaring places where hop ale, hop mead, malt mead, cider or other like drinks were sold to be nuisances, evidence as to the intoxicating quality of such drinks is unnecessary to the plaintiff's case, since the determination of the council is conclusive; but its admission is not prejudicial to the defendant.

*Laugel* v. *City of Bushnell,* 96 Ill. App. 618, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding.

TRUMAN PLANTZ, APOLLOS W. O'HARRA, and DAVID CHAMBERS, for plaintiff in error:

The sale of soft drinks may or may not be a nuisance, it depending on their character,—whether injurious to health, intoxicating, etc., or how and where sold. An ordinance cannot, therefore, declare all sales of all soft drinks a nuisance under all circumstances. It must be directed against the sale of such kinds as are injurious to the health, or intoxicating, etc., or against sales when made in disorderly places, etc., in order to be a valid ordinance. *Lake View* v. *Letz,* 44 Ill. 81; *DesPlaines* v. *Poyer,* 123 id. 348.

An ordinance invalid because it in general terms declares the sale of all soft drinks, under all circumstances, a nuisance, cannot be aided by the introduction of evidence for the purpose of showing that in a particular instance the sale was a drink of such quality as to constitute its sale a nuisance. *DesPlaines* v. *Poyer,* 123 Ill. 348.

The sale of hop ale, hop mead, etc., is not a nuisance *per se,* at common law or under the statute. It may or may not be a nuisance, depending upon circumstances. If its sale is sought to be prohibited on the theory that it is an intoxicating liquor, and therefore a nuisance, the

ordinance must be directed against that which makes it a nuisance,—that is, against the sale of intoxicating liquor,—and not against the sale of hop ale, hop mead, etc., regardless of whether or not they are intoxicating. The sale of intoxicating liquor must be prohibited by the ordinance before it can declare the sale of a drink which it is claimed is intoxicating to be a nuisance. *DesPlaines* v. *Poyer*, 123 Ill. 348.

Under the power to declare what are nuisances, and to abate the same, a city cannot, by ordinance, declare a thing to be a nuisance unless it is in fact a nuisance. 15 Am. & Eng. Ency. of Law, 1178; Wood on Nuisances, (2d ed.) secs. 27, 143, 144; Dillon on Mun. Corp. (3d ed.) sec. 374; *Lake View* v. *Letz*, 44 Ill. 81; *Railroad Co.* v. *Joliet*, 79 id. 25; *Yates* v. *Milwaukee*, 10 Wall. 505; *DesPlaines* v. *Poyer*, 123 Ill. 348; *Poyer* v. *DesPlaines*, 18 Ill. App. 225.

Any fair, reasonable doubt concerning the existence of the power to pass an ordinance is resolved by the courts against the city. 1 Dillon on Mun. Corp. 55, 251; *Anderson* v. *Wellington*, 2 L. R. A. 110; *Emmons* v. *Lewistown*, 132 Ill. 380; *Breninger* v. *Belvidere*, 44 N. J. L. 350.

It is error to hold, as a matter of law, that if liquor contains a per cent of alcohol it is intoxicating. This is a question of fact. *Topeka* v. *Zufall*, 1 L. R. A. 387.

Spirituous, vinous and malt liquors are by statute declared intoxicating, but as to other liquors it must be proved, as a question of fact, that they are intoxicating. *Hansberg* v. *People*, 120 Ill. 21; *Hewitt* v. *People*, 186 id. 336.

T. J. SPARKS, and W. M. CROSTHWAIT, for defendant in error:

In doubtful cases, where a thing may or may not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of town authorities in exercising their legislative functions under a general delegation of powers, their action, under such circumstances, would be conclusive of the question. *Rail-*

*way Co.* v. *Lake View;* 105 Ill. 207; *Harmison* v. *Lewistown,* 46 Ill. App. 164; 153 Ill. 313.

Upon the question as to the power of a city council to pass the ordinance referred to in this case, see 1 Starr & Cur. Stat. chap. 24, par. 75, p. 470; *King* v. *Davenport,* 98 Ill. 305; *Huesing* v. *Rock Island,* 128 id. 475; *Railway Co.* v. *Lake View,* 105 id. 207.

An ordinance which declares the selling of spirituous liquors a nuisance and imposes a fine for the offense is valid.    *Goddard* v. *Jacksonville,* 15 Ill. 589.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The Appellate Court for the Third District affirmed the judgment of the circuit court of McDonough county adjudging the plaintiff in error to be guilty of maintaining a nuisance, in violation of an ordinance of the city of Bushnell, and sentencing him to pay a fine in accordance with the provisions of the ordinance. This writ of error challenges the correctness of the conclusion reached by the Appellate Court.

The ordinance said to have been violated is as follows: "*Be it ordained by the city council of the city of Bushnell:*

"Section 1. That any place in said city of Bushnell where hop ale, hop mead, malt mead, cider or other like drinks are kept for sale, are sold or given away, either directly or indirectly, in any quantity whatever, is hereby declared to be a nuisance, and the owner, keeper, lessee or occupant of the premises who shall neglect or refuse to abate such nuisance after being notified so to do by the city marshal of said city, shall, on conviction thereof, forfeit and pay to said city a sum not less than $10 nor more than $100 for each and every day he shall refuse or neglect to remove or abate the same."

In the circuit court the parties waived a jury and submitted the cause to the court for decision. When the ordinance was offered in evidence counsel for the plaintiff in error objected to the introduction thereof, assigning

as the ground of objection "that the city had no power to pass it." But the court overruled the objection and the plaintiff in error excepted. This ruling and the action of the court in refusing to hold as correct propositions of law numbered 1, 2 and 3, presented in behalf of the plaintiff in error to be held as the law of the case, constitute the chief grounds of complaint in this court, and together raise the same question. Said propositions are as follows:

1. "The ordinance offered in evidence is void.

2. "The city council has no power to declare, by ordinance, that where hop ale, hop mead, malt mead, cider or other like drinks are kept for sale, are sold or given away, either directly or indirectly, in any quantity whatever, is a public nuisance.

3. "No city council of any city in this State organized under the general law has the power or authority to declare, by ordinance or otherwise, that where hop ale, hop mead, malt mead, cider or other like drinks are kept for sale, are sold or given away, either directly or indirectly, in any quantity whatever, to be a public nuisance, regardless of the character of such drinks or the ingredients thereof."

The argument of counsel for plaintiff in error is correct that the authority which the governing bodies of cities and villages may exercise by virtue of subdivision 75 of section 1, article 5, chapter 24, of the Revised Statutes, entitled "Cities," etc., "to declare what shall be a nuisance, and to abate the same; and to impose fines upon parties who may create, continue or suffer nuisances to exist," is not as broad and unrestricted as the language of the grant of power would indicate. If interpreted according to its literal wording the act invests the councils of cities and the trustees of villages with ample power to conclusively declare any and every trade, occupation, calling or thing to be a nuisance and to abate it as such. The possession of such unlimited power would subordi-

nate every business interest, however lawful, to the un-
controlled will of municipal authorities, and its exercise
would result in unjustifiable invasion of private right.
We do not conceive it to be the law that city councils or
boards of village trustees may conclusively declare that
to be a nuisance which a court, acting upon its experi-
ence and knowledge of human affairs, would say is not so
in fact.    That which, however, is a nuisance because of
its nature or inherent qualities or because it is forbidden
by law, may be denounced or declared a nuisance by an
ordinance, and such denunciation will be deemed conclu-
sive.    There are other things, trades, occupations and
callings which, because of their nature or inherent quali-
ties, may or may not be nuisances in fact.    As to this
class we said in *North Chicago City Railway Co.* v. *Town of
Lake View*, 105 Ill. 207, that if it be doubtful whether a
thing is in its nature a nuisance, that is, whether it is in
fact a nuisance, the determination of the question requir-
ing judgment and discretion on the part of the village
authorities in exercising their legislative functions under
the power delegated by the enactment we are consider-
ing, the action of such authorities should be deemed con-
clusive of the question.

It is thought the doctrine thus announced as to the
power of city councils is in conflict with the holdings of
this court in the later case of *Village of Desplaines* v. *Poyer*,
123 Ill. 348, and should therefore be regarded as over-
ruled.    But in the still later case of *Harmison* v. *City of
Lewistown*, 153 Ill. 313, the doctrine of the case of *North Chi-
cago City Railway Co.* v. *Town of Lake View* was re-affirmed.
The supposed conflict in the expressions of the court in
the case of *North Chicago City Railway Co.* v. *Town of Lake
View* and *Village of DesPlaines* v. *Poyer*, is apparent, only.
It is true that in the *Poyer case* it was said that the ques-
tion when a thing may or may not be a nuisance must
be settled as one of fact and not of law, while in *North
Chicago City Railway Co.* v. *Town of Lake View* it was said:

"In doubtful cases, where things may or may not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the town authorities in exercising their legislative functions under a general delegation of power like the one we are considering, their action under such circumstances would be conclusive of the question." In the *Poyer case* we also said: "There are some things which are in their nature nuisances and which the law recognizes as such. There are others which may or may not be so, their character in this respect depending," not upon their nature or inherent qualities, but, to quote again, "upon circumstances." It was this latter class which were not nuisances in their nature, but which might become so by reason of exterior circumstances, such as location, surroundings, manner of conducting the business, etc., to which we referred in the *Poyer case* and declared could not be conclusively denounced as nuisances by village or city authorities, but that the question as to them should be determined as one of fact, but not of law. As to things, trades, occupations or establishments falling within the other class,—that is, those which in their nature or inherent qualities may or may not be nuisances,— the expression used in the case of *North Chicago City Railway Co.* v. *Town of Lake View* is not inconsistent with the doctrine of the *Poyer case* that such things may be conclusively denounced as nuisances. Nuisances may thus be classified: *First,* those which in their nature are nuisances *per se* or are so denounced by the common law or by statute; *second,* those which in their nature are not nuisances but may become so by reason of their locality, surroundings or the manner in which they may be conducted, managed, etc.; *third,* those which in their nature may be nuisances, but as to which there may be honest differences of opinion in impartial minds.

The power granted by the statute to the governing bodies of municipal corporations to declare what shall

be nuisances and to abate the same, etc., authorizes such bodies to conclusively denounce those things falling within the first and third of these classes to be nuisances, but as to those things falling within the second class the power possessed is only to declare such of them to be nuisances as are in fact so. With these distinctions kept clearly in view no difficulty will be found in harmonizing the decisions in question. Nor is the view that city councils and village trustees have power to declare that a nuisance as to which it may be doubtful whether it is or not a nuisance, at all inconsistent with the declaration in *Emmons* v. *City of Lewistown*, 132 Ill. 380, that to concede that the power of a municipal corporation to pass an ordinance is doubtful is to deny the power. In that case the question was presented whether the city of Lewistown had power to adopt an ordinance to license, tax or regulate the canvassing for books and publications in the city. It was contended on behalf of the city that paragraph 41 of section 1, article 5, chapter 24, of the Revised Statutes, entitled "Cities," etc., invested the city council with power to adopt the ordinance. Said paragraph 41 does not expressly grant power to license, tax and regulate persons engaged in canvassing for books or publications, but does authorize such course to be pursued as to hawkers and peddlers. It was in connection with the discussion of the question whether persons engaged in canvassing for books and other publications were included in the class of persons denominated "hawkers and peddlers" in the ordinance, that the expression in question was used. The doubt referred to was as to the power of the city council to pass any ordinance in anywise restricting or regulating the canvassing for the sale of books and other publications within the city, and the court correctly remarked that to concede that it was doubtful whether the legislature had granted such power was to deny the existence of the power. In the case at bar the grant of legislative power

to declare what shall be a nuisance, and to abate it, is expressly given, and no doubt exists as to the power of the city council over nuisances. The doubt is not as to the power possessed by the council to control nuisances, but as to the nature or inherent qualities of the thing, calling or occupation denounced as a nuisance. In the *Emmons case* the doubt was whether there was any power in the city council to control the business of canvassing for books and publications, etc.

Section 7 of chapter 43 of the Revised Statutes, entitled "Dram-shops," declares all places where intoxicating liquors are sold in violation of the act shall be taken and held to be common nuisances. In *Hewitt* v. *People*, 186 Ill. 336, we affirmed a conviction of the violation of the Dram-shop act in the selling of cider, it appearing from the evidence that the cider sold was intoxicating in character. In the case at bar the evidence tended to show that hop ale was an intoxicating drink. Clearly we cannot assume to say that it is not at least doubtful whether cider, hop ale, hop and malt mead are not intoxicating. The city council, in the exercise of their judgment and discretion in discharging their legislative function, determined that places where hop ale, hop and malt mead or cider were sold were nuisances, and that determination not being free from doubt the courts must refrain from declaring the ordinance void and ineffectual. The court did not err in admitting the ordinance in evidence or in ruling on the propositions of law. The admission of testimony bearing upon the question whether hop ale contained alcohol and would produce intoxication cannot afford any reason for reversing the judgment. The declaration of the city council that a place where such ale is sold shall be regarded a nuisance, is, as we have seen, conclusive; hence proof as to the intoxicating character of the ale, though unnecessary to the case for the city, could not have prejudiced the cause of the plaintiff in error.

Counsel for plaintiff in error on the trial, in order to obviate the necessity of consuming the time of the court in hearing proof that sales of hop ale had been made by plaintiff in error in violation of the ordinance, had an admission entered of record which was intended to accomplish that purpose, and was so accepted and acted upon by the court and by the defendant in error. The language of the admission is, that the plaintiff in error had made sales of hop ale in the city "after the passage and due publication of the ordinance." Section 3 of article 5, chapter 24, of the Revised Statutes, entitled "Cities," etc., provides ordinances imposing fines or penalties shall not be in force until ten days after they have been published in one or the other of the modes of publication thereof specified in the paragraph. The ordinance in this case was published once in a newspaper. It is contended the admission is·not that such sales were made ten days after the day of the publication of the ordinance in the paper, but only that sales were made after the day of the publication in the newspaper. The admission is, sales were made after the "due" publication of the ordinance. "Due" is a relative term, and must be applied, in the discretion of the court, in view of the particular circumstances of the occasion or transaction to which it has reference. (*Lawrence* v. *Bowman*, 1 McAll. 420.) The purpose of the publication of the ordinance in a newspaper is to give notice to the public that the ordinance has been adopted and will become legally effective after ten days from the date of the publication shall have expired. "After due publication of the ordinance," as those words were employed in the admission, the circumstances under which the admission was made and the purposes of making it being considered, may be fairly and reasonably interpreted to mean, after the expiration of the time requisite to make the publication of the ordinance effective.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*