CINCINNATI (CITY) v. CORNELIUS A. BURKHARDT.

1. POWER OF MUNICIPALITY TO REGULATE EMISSION OF SMOKE.
    It is within the power of a municipality under Sec. 7, Clause 3 of act 92 O. L. 346 (Rev. Stat. 1692; Lan. 3102; B. 1536-100), to provide by ordinance for the regulation of the emission of smoke.

[For other cases in point, see 6 Cyc. Dig., "Municipal Corporations," §§ 1773-1777.—Ed.]

2. SMOKE ORDINANCE NOT VOID UNLESS UNREASONABLE.
    The test as to the validity of such an ordinance is its reasonableness; and unless it is shown to be clearly unreasonable, it should not be declared void.

3. PROPER PARTIES DEFENDANT IN PROSECUTION.
    In a prosecution for violation of an ordinance regulating the emission of smoke, the proper defendant is the corporation or person permitting the emission, or the employe causing it.

[Syllabus approved by the court.]

**B. S. Oppenheimer,** for plaintiff in error.

**E. W. Strong** and **J. J. Muir,** for defendant in error.

**GIFFEN, J.**

A statement of the case may be found in *Burkhardt* v. *Cincinnati*, 18 Dec. 450. It involves the construction of a municipal ordinance to regulate the emission of smoke.

Prescribing a certain scale for measuring the density of smoke, and declaring any thing in excess of that scale to be a public nuisance, is the same thing as declaring smoke to be a public injury and annoyance, to prevent which the legislature has given the power to council, act 96 O. L. 21, Sec. 7, Subd. 3 (Rev. Stat. 1692; Lan. 3102; B. 1536-100).

If upon its face, or after investigation, it clearly appears to be not a nuisance nor an annoyance nor an injury to the public, the ordinance is unreasonable and void; but if it appears that different minds may reasonably arrive at different conclusions the council has not exceeded its power in adopting the ordinance in question. *Laugel* v. *Bushnell (City)*, 197 Ill. 20 [63 N. E. Rep. 1086; 58 L. R. A. 266]; *Bowers* v. *Indianapolis*, 81 N. E. Rep. 1097 (Ind.).

Cincinnati v. Burkhardt.

We are of the opinion that the ordinary mind would be in doubt whether the prohibition is unreasonable, the difficulty lying in the manner of fixing and declaring the density of the smoke prohibited; but it will be presumed, in the absence of proof to the contrary, that council duly investigated the subject and adopted this particular scale upon the ground of accuracy and precision; and unless it is clearly unreasonable or in restraint of trade the ordinance should not be declared void. *White* v. *Kent*, 11 Ohio St. 550.

The defendant, Burkhardt, is charged, as president and general manager of the Gibson House hotel, with unlawfully permitting the emission and escape of smoke. It is admitted in the record that he is president and general manager of the A. G. Corre Hotel Co., which runs the Gibson House, and did at the time complained of. But it does not appear that he personally permitted or had anything to do with the emission of the smoke.

Under the ordinance the corporation permitting the emission of smoke, or the employe causing it, should have been prosecuted.

Judgment affirmed.

**Swing** and **Smith, JJ.,** concur.