## REGULATIONS AS TO SMOKE.

Circuit Court of Hamilton County.

CITY OF CINCINNATI v. CORNELIUS A. BURKHARDT, PRESIDENT AND GENERAL MANAGER OF THE GIBSON HOUSE HOTEL.*

Decided, February 15, 1908.

*Municipal Corporations—Regulation of the Emission of Smoke by Ordinance—Reasonableness of the Provisions—Nuisance—Presumption—Who may be Prosecuted—Criminal Law.*

1. It is within the power of a municipality to provide by ordinance for the regulation of the emission of smoke.
2. The test as to the validity of such an ordinance is its reasonableness; and unless it is shown to be clearly unreasonable, it should not be declared void.
3. In a prosecution for violation of an ordinance regulating the emission of smoke, the proper defendant is the corporation permitting the emission, or the employe causing it.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

A statement of the case may be found in 6 N. P.—N. S., 17. It involves the construction of a municipal ordinance to regulate the emission of smoke.

The prescribing of a certain scale for measuring the density of smoke, and declaring any thing in excess of that scale to be a public nuisance, is the same thing as declaring smoke to be a public injury and annoyance, to prevent which the Legislature

---

* For a contrary holding as to the validity of this ordinance, see *Cincinnati* v. *Burkhardt*, 6 N. P.—N. S., 17.

has given the power to council. Section 7, Subdivision 3, municipal code.

If upon its face, or after investigation, it clearly appears to be not a nuisance nor an annoyance nor an injury to the public, the ordinance is unreasonable and void; but if it appears that different minds may reasonably arrive at different conclusions the council has not exceeded its power in adopting the ordinance in question. *Langel* v. *City of Bushnell*, 197 Ill., 20; *Bowers* v. *City of Indianapolis*, 81 N. E., 1097.

We are of the opinion that the ordinary mind would be in doubt whether the prohibition is unreasonable, the difficulty lying in the manner of fixing and declaring the density of the smoke prohibited; but it will be presumed, in the absence of proof to the contrary, that council duly investigated the subject and adopted this particular scale upon the ground of accuracy and precision; and unless it is clearly unreasonable or in restraint of trade the ordinance should not be declared void. *White* v. *Kent*, 11 O. S., 550.

The defendant, Burkhardt, is charged, as president and general manager of the Gibson House hotel, with unlawfully permitting the emission and escape of smoke. It is admitted in the record that he is president and general manager of the A. G. Corre Hotel Co., which runs the Gibson House, and was at the time complained of. But it does not appear that he personally permitted or had anything to do with the nuisance of the smoke.

Under the ordinance the corporation permitting the emission of smoke, or the employe causing it, should have been prosecuted.

Judgment affirmed.

*Benton S. Oppenheimer*, for plaintiff in error.

*E. W. Strong* and *J. J. Muir*, contra.