THE PEOPLE ex rel. Lincoln Ice Company, Appellee, vs. THE CITY OF CHICAGO et al. Appellants.

*Opinion filed October 28, 1913.*

1. MUNICIPAL CORPORATIONS—*when city can declare a thing a nuisance only if it is a nuisance in fact.* If a business is not in its nature a nuisance but may become one by reason of its locality, surroundings or the manner in which it is conducted, a city can declare it to be a nuisance only if it is one in fact.

2. SAME—*when an ordinance cannot be sustained as a health measure.* An ordinance prohibiting the establishment or maintenance of an ice-making house or cooling plant within four hundred feet of any church, hospital or school cannot be sustained as a health measure.

3. SAME—*city has no power to prohibit ice plant within four hundred feet of church or school.* A city has no express or implied power, under the statute, to absolutely prohibit the erection or maintenance of an ice-making and cooling plant within four hundred feet of any church, hospital or school, without regard to any other condition or circumstance.

APPEAL from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, (LEON HORNSTEIN, of counsel,) for appellants.

D'ANCONA & PFLAUM, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The Lincoln Ice Company filed a petition in the circuit court of Cook county against the city of Chicago and certain of its municipal officers, praying for a writ of *mandamus* to compel respondents to issue to petitioner a building permit for the construction of a building, to be used in connection with the business of manufacturing and selling ice, on certain described vacant lots belonging to said petitioner. The petition alleged a compliance with all ordi-

nances, rules and regulations necessary to entitle the petitioner to a building permit, and unless the matter set up in the answer of the city shows a legal excuse for refusing to grant the permit, it is conceded that the facts alleged in the petition will justify the issuance of a peremptory *mandamus*. The answer of respondents sets out an ordinance which was duly passed by the city council, which went into effect on January 6, 1913, which is relied upon as the sole reason for refusing the building permit to petitioner. The ordinance relied upon is as follows:

"2414½ *Location of Ice-making Houses and Cooling Plants.*—It shall be unlawful for any person, firm or corporation to locate, establish, conduct or maintain any ice-making house or cooling plant within four hundred (400) feet of any church, hospital, public or parochial school, said distance to be measured by the shortest straight line between the ice-making house or cooling plant sought to be so located, established, conducted or maintained, and any such building used for the purpose of a church, hospital, public or parochial school."

The answer avers that the proposed location of the building is within two hundred feet of a church known as Our Lady of Lourdes and within twenty feet of a parochial school known as Our Lady of Lourdes Parochial School; that said church has a membership of 4500 people, that divine services are held in said church twice daily, and that said school has an attendance of 560 pupils. The validity of the ordinance relied on was attacked by a demurrer to the answer. The court below being of the opinion that the ordinance relied upon was not valid, sustained the demurrer to the answer, and respondents having elected to stand by the answer, a peremptory *mandamus* was awarded. Respondents having procured a certificate from the trial judge that the validity of a municipal ordinance is involved, have perfected a direct appeal to this court.

The ground upon which the validity of this ordinance is assailed is that the city had no power to pass it. In the first place, it is to be noted that the ordinance does not, in terms, declare an ice-making house or cooling plant, when established contrary to its provisions, a nuisance, and since these establishments are not nuisances *per se,* the statute giving the city the power to declare what shall be a nuisance, and to abate the same, cannot be construed as conferring the power upon the city to pass said ordinance. Nuisances may be divided into three classes: First, those which in their nature are nuisances *per se* or are so denounced by the common law or the statute; second, those which in their nature are not nuisances but may become so by reason of their locality, surroundings or the manner in which they may be conducted or managed; and third, those which in their nature may be nuisances but as to which there may be honest differences of opinion in impartial minds. The power granted to cities in relation to nuisances authorizes the city council to declare those things falling within the first and third classes to be nuisances, but as to those things falling within the second class the only power the city has is to declare such of them to be nuisances as are so in fact. (*Laugel* v. *City of Bushnell,* 197 Ill. 20.) If the business at which the ordinance in question is leveled could in any view be a nuisance it would necessarily fall within those nuisances included in the second class. There is no attempt in the ordinance to prescribe a lawful manner of erecting or operating such plants, but they are indiscriminately forbidden within certain prescribed limits, without regard to any other condition or circumstance.

It is conceded by appellants that the statute does not expressly confer upon the city the power to regulate, license or prohibit the establishment or maintenance of ice houses and cooling plants. The city can only exercise such powers

as are expressly delegated or necessarily implied from those expressly given. (*City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264.) But it is said that the power to pass the ordinance in question is conferred by clauses 78, 83 and 84 of section 1 of article 5 of the Cities and Villages act. Clause 78 provides that the city shall have power to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease. In the attempt to support the ordinance under this clause of the statute it is assumed that the establishment of an ice house or cooling plant is deleterious to the health of persons who are in churches, hospitals, public or parochial schools located within four hundred feet of such plant. There is no basis in this record for the contention that the inhibited occupations are dangerous to the public health. If the ordinance was designed to protect the public health it is strangely restricted as to the number and classes of persons who are to be protected against the dangers arising from the establishment of these plants. Persons who attend churches or schools are not generally supposed to be more susceptible to disease than the same persons would be in a railroad station, theater or other place where large numbers of people congregate. It would be absurd to say that it is unlawful to maintain an ice house or cooling plant within four hundred feet of a church or school because of the danger to the health of persons attending those places, and still the same business might be carried on next door to a department store, in which there were as many, or more, people whose health would be endangered by the location of the plant. The ordinance cannot be sustained as a health measure.

Clauses 83 and 84 confer upon the city the power to prohibit any offensive or unwholesome business or establishment within, or within one mile of, the limits of the corporation, and to compel the owner of any unhealthful

premises to clean up the same, and to regulate the location of certain enumerated places or business. There is nothing in either of these clauses that specifically refers to the business of manufacturing or selling ice, unless such business can be regarded as an unwholesome business or establishment. Clauses 83 and 84 enumerate certain particular things that may be prohibited or regulated to protect the public health and specify certain subjects the power to regulate which is given by clause 78. We find nothing in any of the clauses of the statute relied upon, or in all of them when considered in combination with each other, which confers upon the city the power to pass the ordinance in question. The city having no power to pass the same, the ordinance is void and affords no defense to the action. *People* v. *Busse*, 240 Ill. 338; *City of Chicago* v. *Ross*, 257 id. 76.

There was no error in sustaining the demurrer to the answer of respondents. The judgment of the circuit court of Cook county is affirmed.