(No. 10916.—Judgment affirmed.)

THE PEOPLE *ex rel.* William Webster, Appellant, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed February 21, 1917—Rehearing denied April 4, 1917.*

1. MUNICIPAL CORPORATIONS—*city cannot be compelled to assume duty of removing ashes from buildings.* The duty of removing ashes from buildings where they are produced rests primarily upon the owner or occupant, and while the city may by appropriate legislation voluntarily assume that duty and relieve the owner of the burden, it cannot be compelled to do so.

2. SAME—*when owner of building is not entitled to mandamus to compel city to remove ashes.* The fact that a city council has appropriated money to pay the expense of removing ashes from buildings of a certain class which it has assumed by ordinance to serve in that manner does not entitle the owner of a building not of this class included in the ordinance to a writ of *mandamus* to compel the municipality to give him the same service; and this is true whether the ordinance is valid or invalid.

3. MANDAMUS—*legal right to writ of mandamus must be shown.* *Mandamus* is a strictly legal remedy, and to entitle a relator to the writ he must show a clear legal right to it.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN H. FORNOFF, Judge, presiding.

THOMAS S. MCCLELLAND, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (LEON HORNSTEIN, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, William Webster, as relator, brought this action of *mandamus* against the city of Chicago and its administrative officers to compel them to remove at the city's expense ashes produced from burning coal to heat a flat or apartment building owned by relator. The circuit court of Cook county sustained a demurrer to and dismissed the

petition. Said court certified the validity of an ordinance was involved, and an appeal was prosecuted direct to this court. Being of opinion the determination of the case did not depend upon the validity of the ordinance involved and that the court did not have jurisdiction to entertain the appeal, it was certified to the Appellate Court for the First District. (*People* v. *City of Chicago, 272* Ill. 451.) That court affirmed the judgment of the circuit court and granted a certificate of importance and an appeal to this court.

The substance of the petition and ordinance was set out in the opinion delivered when the case was transferred to the Appellate Court and will not be here repeated.

It is not controverted that the duty of removing ashes from buildings where they are produced rests primarily upon the owner or occupant. While the city may, we think, by appropriate legislation voluntarily assume that duty and relieve the owner of the burden, it cannot be compelled to do so. The city council of the city of Chicago has legislated upon this subject by ordinance, the sections of which having any bearing on this case are set out in our former opinion. That ordinance did not specifically state that the city should remove ashes from any building, but buildings containing less than five flats were exempted from the requirement of section 1000 that the owner of "any building" in the city of Chicago heated by steam, hot air or hot water should at his own expense remove the ashes therefrom. It appears to have been the intent of the council in passing the ordinance that ashes should be removed from apartment buildings containing less than five flats by the city at its expense but that the ashes produced in flat-buildings of five or more apartments should be removed by the owner, and according to the averments of the petition the city has been removing the ashes from buildings of less than five flats and paying the expense out of a tax levied and collected for that purpose. Appellant's building is a six-flat or apartment building heated by steam and is not excepted from the

requirement of the ordinance that the owner shall remove the ashes. Whether the ordinance is valid or invalid, it does not purport to relieve appellant from the duty of removing his ashes at his own expense. The city has never assumed the duty of removing ashes from buildings of the class of appellant's but has required that duty to be performed by the owners. Because the council has appropriated money to pay the expense of removing ashes from buildings it has assumed by ordinance to serve in that manner does not entitle the owner of a building not included in the ordinance to a writ of *mandamus* to compel the municipality to give him the same service; and this is true even if the ordinance were invalid because of discrimination or for some other reason. The city has never voluntarily assumed the duty of removing ashes from buildings of the class of appellant's, and it is immaterial to a decision of this case whether, in passing the ordinance referred to, the council acted legally or illegally. Presumably the appropriations made and taxes collected for the removal of ashes were for the performance of that service for buildings to which the ordinance was intended to apply, and even if the exemption of buildings of less than five flats from the requirement of section 1000 was void, as alleged in the petition, that would not entitle appellant to the writ. *Mandamus* is a strictly legal remedy, and to entitle a relator to the writ he must show a clear legal right to it. *People* v. *Blocki,* 203 Ill. 363; *People* v. *Dunne,* 219 id. 346.

It seems clear that the case made by the petition does not entitle relator to the writ, and the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*