(No. 11506.—Reversed and remanded.)

THE PEOPLE *ex rel.* James P. Younger, Appellee, *vs.* THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed October 23, 1917—Rehearing denied Dec. 6, 1917.*

1. NUISANCES—*city cannot declare that to be a nuisance which is not such in fact.* The power given by law to incorporated cities and villages to declare what shall be a nuisance does not authorize a city or village to declare that a nuisance which is not such in fact, although it is a business which may become a nuisance by reason of its locality, surroundings or the manner in which it is conducted.

2. SAME—*what ordinance as to location of stables for horses is invalid.* An ordinance forbidding the erection of any stable for the keeping of ten or more horses within four hundred feet of certain public buildings is invalid where it prevents the erection of the necessary buildings for a milk-distributing station, which is not, in fact, a nuisance.

3. MANDAMUS—*petitioner must show clear right to the writ and neglect of duty on part of defendant.* The writ of *mandamus* will be awarded only in a case where the petitioner shows a clear right to the writ and a clear neglect of duty on the part of the defendant to perform the act sought to be enforced, and a petitioner who seeks to compel a city to issue him a permit for the erection of a building must show compliance with all the valid requirements of the building ordinances.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, (JAMES W. BREEN, and HARRIS F. WILLIAMS, of counsel,) for appellants.

JOEL C. CARLSON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The People, on the relation of James P. Younger, filed a petition for *mandamus* in the circuit court of Cook county to require the city of Chicago, the mayor and the commissioner of buildings to approve certain plans for the construction of a milk-distributing plant to be erected on certain premises in the city of Chicago and to issue and deliver to the relator a permit for the construction of the same. The writ was issued according to the prayer of the petition, and the trial judge having certified that the validity of an ordinance of the city was involved, an appeal was allowed and perfected to this court.

The relator purchased certain property on North Robey street, upon which he proposed to erect a milk-distributing station. Having prepared his plans and specifications a temporary permit was given the relator to proceed, and he did some work toward the erection of the building. The plans presented provided for stable room for sixty-eight horses in the rear of the building. At the time the plans were presented there was an ordinance of the city of Chicago providing that no stable for the keeping of ten or more horses should be erected within two hundred feet of any school, church and other specified institutions. After the petition for *mandamus* had been filed this ordinance was amended, making the distance within which it was prohibited to build a stable for the keeping of ten or more horses four hundred feet from any school, church, etc. This ordi-

280 — 37

nance was held to be invalid by the trial court, and its validity is one of the questions presented on this appeal.

It is not claimed that the maintenance of such an establishment as the one contemplated would be a nuisance *per se* or that the statute specifically gives municipalities power to regulate the location of the same. The power given by law to incorporated cities and villages to declare what shall be a nuisance does not authorize a city or village to declare that a nuisance which is not such in fact. (*Village of DesPlaines* v. *Poyer,* 123 Ill. 348.) If a business is not in its nature a nuisance but may become one by reason of its locality, surroundings or the manner in which it is conducted, a city can declare it to be a nuisance only if it is one in fact. (*People* v. *City of Chicago,* 260 Ill. 150.) In the case last cited we held that an ordinance which prohibits the establishment or maintenance of. an ice manufacturing or cooling plant within four hundred feet of any church cannot be sustained as a health measure, and that the city has no express or implied power, under the statute, to absolutely prohibit the erection or maintenance of such a plant within four hundred feet of a church without regard to any other conditions or circumstances. The proof discloses that the relator proposes to erect the milk-distributing plant in question within four hundred feet of a church, and it is upon this ground that it is sought to have the action of the commissioner of buildings in refusing to approve the plans and issue the permit upheld. In passing upon a similar question in *People* v. *Village of Oak Park,* 268 Ill. 256, we held that the statute did not give a municipality the same rights as to the regulation and location of stables as it did of the regulation and location of livery stables and garages. The city does not have the power to declare in advance that such a business as that proposed to be conducted by the relator will be a nuisance and forbid the erection of the necessary buildings in which to conduct the business. "Even if the municipality is clothed with the whole police power

of the State, it would still not have the power to deprive a citizen of valuable property rights under the guise of prohibiting or regulating some business or occupation that has no tendency whatever to injure the public health or public morals or interfere with the general welfare.  *  *  *  The owner of property has the constitutional right to make any use of it he desires, so long as he does not endanger or threaten the safety, health and comfort or general welfare of the public." *People* v. *City of Chicago,* 261 Ill. 16; *People* v. *Ericsson,* 263 id. 368; *People* v. *Village of Oak Park, supra.*

The plans presented did not comply with the various building ordinances in a number of particulars. While, as counsel suggests, these were only in respect to minor matters, they were matters concerning which there were specific requirements in the ordinances and it was essential that they be complied with. After the plans were presented the clerk in charge in the office of the commissioner of buildings called attention to the various particulars in which the plans were not in compliance with the building ordinances. The relator offered to alter the plans in these respects and make them comply with the provisions of the various ordinances. The building commissioner informed the relator that he would not be permitted to make these changes; that the plans would not be approved in any event and that no permit would be issued. In an amendment to the petition for *mandamus* the relator sets up these facts and offers to make such corrections as will make the plans comply with the ordinances of the city of Chicago, and offers and agrees that the proposed building will be constructed and built in accordance with such ordinances. The prayer of the petition is that the court grant a writ of *mandamus* commanding the city of Chicago and the other appellants to approve the plans as presented and to issue and deliver to relator a permit for the construction of the building. The prayer of the petition was not amended to comply with the amend-

ment to the petition, and the petition nowhere states what
the proposed changes in the plans are. The judgment
awarding the writ directed that the writ issue commanding
appellants forthwith to issue and deliver to relator the per-
mit for the erection of his building as described and prayed
for in the petition.

Appellee contends that inasmuch as the commissioner of
buildings stated that he would not permit any corrections
or changes to be made in the plans, and that he would not,
in any event, approve them or issue the permit, appellee
was excused from making the changes which it is conceded
are necessary to be made. This contention would not be
without force if the petition and the prayer thereof set out
specifically the changes which it was proposed to make and
the proof disclosed that with such changes the plans would
be in compliance with the ordinances of the city. Under
the judgment as entered the writ must issue, directing the
approval of plans which are concededly not in compliance
with the ordinances of the city and for the issuance of a
permit for the erection of a building in accordance with
such plans. Appellee is not entitled to such a writ. It was
not the duty of the commissioner of buildings to approve
plans which were not in compliance with the ordinances of
the city, and before applying for the writ of *mandamus* the
relator should have tendered the commissioner of buildings
plans which complied with the requirements of the ordi-
nances of the city. The writ of *mandamus* will be awarded
only in cases where the petitioner shows a clear right to
the writ and a clear neglect of duty on the part of defend-
ant to perform the act sought to be enforced. In such a
case as this, before the writ will issue the petition must show
a compliance with all the valid requirements of the ordi-
nances. *People* v. *Busse,* 248 Ill. 11.

As the plans submitted are not in compliance with the
ordinances it was error to require the building commissioner
to approve them and to issue the permit. For this reason

the judgment of the circuit court is reversed and the cause is remanded, with leave to amend the petition if the appellee so desires.

*Reversed and remanded.*