### WOLARZ v
### CUYAHOGA HEIGHTS (village)
### WOLARZ v
### NEWBURGH HEIGHTS (village)

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 14649 & 14650. Decided April 20, 1936

Matia & Matia, Cleveland, for plaintiff.
Locher, Green & Woods, Cleveland, and
Jos. E. Nemistil, for defendants.

## OPINION

By LEVINE, J.

It is claimed by appellant that these laws are invalid as they constitute an arbitrary, unreasonable and discriminating exercise of the police power. Our examination of the authorities leads us to the conclusion that the operation of a coal yard located in a commercial district is not regarded as a nuisance per se. Methods of operation may be such as to constitute the coal yard a nuisance as a matter of fact. A clear statement of the law relating to the operation of coal yards is found in the case of First Avenue Coal & Lumber Company v T. F. Johnson, 32 (N.S.) L.R.A. Ala. Sup. Ct. 522:

"It is within legislative competency to declare certain property, or a certain place or business, a nuisance; that is, to enlarge the common law category of nuisances. But this power, like most others, has its limitations. The exercise of this police power is an attribute of sovereignty. In the exercise of this authority the legislature may regulate persons and property in all matters relating to the public health, the public morals, and the public safety; but always, of course, within the provisions of the constitution. As a rule, whatever is contrary to public policy, or inimical to the public interests, is subject to the police power of the state. All the particular subjects to which this power may be applied have not been and cannot be certainly defined. It has been well said that this police power of the state or sovereign is the right of self-preservation and self-protection, and that it is to the state, as it is to the individual, the first and natural right. The state's power in this respect, however, is limited and confined by the constitutional provision that the citizen shall not thereby

unreasonably, arbitrarily, or without due process of law, be deprived of his life, liberty and property. The constitutional right of the citizen cannot be abridged or destroyed under the guise of police regulation. The legislature, therefore, cannot, by its mere ipse dixit, make that a nuisance which is not in fact or in truth a nuisance, or akin thereto. That which has none of the elements or characteristics of a nuisance, that has no capacity or tendency to injure the public health, the public morals, the public safety, or the public interests, cannot be made a nuisance by the legislature, under the guise of a police regulation declaring it such."

"The Bills of Rights or Constitutional provisions, in the nature thereof, in all the American Constitutions, serve effectually to prevent such legislation in the states or the United States."

In Laugell v Bushnell, 197 Ill. 20, the Supreme Court has classified nuisances as follows:

"1. Those which in their nature are nuisances per se or are so denounced by the common law or by statute:

2. Those which in their nature are not nuisances, but may become so by reason of their locality, surroundings or the manner in which they may be conducted, managed, etc.

3. Those which in their nature may be nuisances, but as to which there may be honest differences of opinion in impartial minds. The power granted by the statute to the governing bodies of· municipal corporations to declare what shall be nuisances, and to abate the same, etc., authorizes such bodies to conclusively denounce those things falling within the first and third of these classes to be nuisances, but as to those falling within the second class, the power possessed is only to declare such of them to be nuisances as are in fact so."

Applying the law as herein defined to our present case, the coal yard which the ordinances forbid falls within the second classification enunciated in Laugell v Bushnell, supra. In its nature a coal yard is not a nuisance but may become so by reason of the manner in which the same is conducted managed or operated. The ordinances contain an absolute prohibition of coal yards within a certain distance of food factories, regardless of the manner in which the same is conducted, managed or operated.

We are of the opinion that neither the council of these municipalities, nor even the legislature of the state, has the power to declare an absolute prohibition on the theory that the same is a nuisance when in law it is not considered a nuisance per se but may become so only as a matter of fact. There is no doubt that the council of these municipalities may impose reasonable regulations as to the manner in which coal yards shall be operated and conducted so as to prevent these coal yards from becoming a nuisance in point of fact. But the council of these respective municipalities has no power to prohibit the operation of coal yards on the theory that the same constitute a nuisance per se.

It will be argued that the ordinances do not prohibit the location of coal yards in the respective municipalities but merely contain a regulation as to the distance of the location from food factories. The answer to this contention is that the owners of property located within the distance prohibited by the ordinance are thereby effectually deprived of the lawful and valid use of their property without due process of law. If the owner of the adjacent property sustains injury by reason of the operation of the coal yard he has an ample remedy in due course of law by resorting either to a suit in equity to enjoin such operation or in a suit at law for damages. But when the council of the municipality enacts an absolute prohibition against the operation of coal yards within a certain distance of food factories, without regard to the manner in which the coal yard is conducted, managed or operated, it thereby deprives the owners of property within the prohibited distance of the use of their property without due process of law.

For the reasons given we conclude that these ordinances are of no validity, as exceeding the police power lodged in the state and the municipalities. In our opinion the plaintiff is entitled to the relief prayed for. A decree will be entered accordingly.

LIEGHLEY, PJ, and TERRELL, J, concur in judgment.