## J. H. Gobeli and Charles R. Collin, Appellees, v. M. E. Braga et al., Appellants.

### Gen. No. 41,530.

Heard in the third division of this court for the first district at the December term, 1940. Opinion filed June 25, 1941.

ERWIN A. STANICEK, of Chicago, and GUY C. GUERINE, of Melrose Park, for appellants.

ROMAN E. POSANSKI, of Chicago, for appellees; WILLIAM JACOBS, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the respondents, officials of the Village of Broadview and the Village of Broadview, from a mandamus order, entered by the circuit court

of Cook county, ordering and directing the respondents to issue a building permit, for the construction of improvements, for the purpose of utilizing the property in question, as a retail gas service station.

The original petition for a writ of mandamus was filed on behalf of J. H. Gobeli and against John W. Taylor, clerk. A motion to strike this petition was sustained, and an amended petition was subsequently filed, on behalf of J. H. Gobeli and Charles R. Collin, against the members of the board of trustees and the Village of Broadview, a municipal corporation. A motion to strike this amended petition was overruled and the respondents were ordered to answer. An answer was thereafter filed by respondents and a reply by the petitioners to the answer. After a hearing on the questions of fact and the issues involved, a writ of mandamus was ordered to issue and it is from that order that the respondents appeal.

The facts as appear in the record are that the respondents are, respectively, the clerk, president, and board of trustees of the Village of Broadview, a municipal corporation. On the 4th day of May 1940, a petition for mandamus against J. W. Taylor, village clerk, was filed by J. H. Gobeli, seeking a building permit for the purpose of utilizing a piece of property, as a retail gasoline service station. The property in question is located at the southeast corner of 17th avenue and Harrison street, in the Village of Broadview. The space to be used is between the building on the corner, used as a residence and drug store, and a residence to the south of the alley. The plans, introduced in evidence, show that the gasoline station would be within five feet of the residential portion of the building on the southwest corner of Harrison and Seventeenth and within sixteen feet of the residence to the south.

In 1926, the Village of Broadview passed an ordinance prohibiting the erection and operation of gas service stations, unless a majority of the property

owners, within a distance of 250 feet, consented to such use. It does not appear from the facts in this record that prior to 1919, when the act to regulate the sale of volatile liquids was passed, the Village of Broadview had another ordinance in effect regulating the sale of gasoline. Upon the questions involved in this case regarding ordinances, the court takes judicial notice of all general ordinances of municipalities within its territorial jurisdiction (chap. 51., secs. 48 (a), 48 (b), Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.122, 107.123]).

It was testified to by petitioner, J. H. Gobeli, that on the 3rd day of May 1939, he entered into a contract, for the purchase of the property in question, from Mr. Collin, but that this contract had been abandoned by him and Mr. Collin; that on the 21st day of May 1940, he had entered into an option with Mr. Collin, to purchase the above property, on different terms; that this option was based upon the obtaining of a permit; that he did not own the property in question; that he had abandoned the original contract and had entered into a sixty-day option on May 21, 1940, after he had filed the present suit. .

The first application for a building permit was filed on May 13, 1939, and a check in the sum of $12, together with plans, were submitted in connection with this application. The application was signed by Gobeli. Under the name of J. H. Gobeli, the words "For Charles R. Collin" appear written in different ink than the ink used in the name of J. H. Gobeli. Mr. Gobeli testified that he placed the words "For Charles R. Collin" on the application prior to filing it; that the application and plans were turned over to the village clerk, a few minutes prior to the board meeting, in May 1939; and that the Board discussed it and told him that he would have to obtain the consent of the property owners.

The officials of the Village of Broadview testified that the words "For Charles R. Collin" were not on

the application at the time it was filed; that the matter was not taken up at the regular meeting, but was held in abeyance; that about a month later, Mr. Gobeli called and asked to withdraw the application; and that he did withdraw his plans, together with his check for the building fees. Nothing was done by the village, or either of the petitioners, until May 6, 1940, when the same application, together with the same plans were given to the village clerk. On May 4, 1940, the original petition for mandamus was filed in the circuit court of Cook county, in the name of J. H. Gobeli and on May 22, 1940, an amended petition was filed on behalf of J. H. Gobeli and Charles Collin, which is the first time that Charles R. Collin appears as requesting a permit.

On September 1, 1938, the Department of Insurance adopted rules and regulations, covering the sale and storage of motor fuel. These rules and regulations were introduced in evidence as respondents' exhibit. As required by these rules, the minimum distance, between tanks and adjoining property, is twenty feet for a 3,000 gallon tank. The plat and plans presented, by the petitioners, to the village clerk, were never approved by the Illinois State Department of Insurance. The plans show that the distance, between the station and the home of George Cote, is sixteen feet and the distance, between the tanks and the residence portion of the building to the north, is five feet. There is no allegation, in the original petition filed May 4, 1940, nor in the amended petition filed May 22, 1940, alleging when the permit was applied for, or when it was refused.

The respondents in this action maintain that it was essential for the petitioners to allege what the requirements of this ordinance were, and that it was also necessary for the petitioners to allege the specific acts which had been performed, by them to show a compliance with the provisions of the ordinance. The general allegation, that the requirements of the ordi-

nance had been complied with, it is suggested, is not sufficient, and the following cases are cited, *McGann v. People ex rel. Coffeen,* 194 Ill. 526; *People v. Busse,* 248 Ill. 11; *People v. City of Chicago,* 280 Ill. 576. As to the petitioner's right, to a license or a permit, such right is based upon their position that they had complied with the building ordinance of the Village of Broadview and with its provisions. The record is devoid of any proof as to what those provisions were, or as to what was done, by the petitioners, in compliance. It is necessary, before a writ of mandamus is issued against officials, compelling them to perform some act, that persons, seeking such a writ, must show a clear right to its issuance. *People v. City of Chicago,* 277 Ill. 394. They must also show that their interest, in the subject matter, must be a material one and must have existed, at the time the petition was filed. *Murphy v. City of Park Ridge,* 298 Ill. 66. It is then urged that it is a well-recognized principle of law that a petition for mandamus, like a complaint at law or in chancery, should allege some specific time when the cause of action accrued, and that in the instant case, neither the original petition, nor the amended petition attempt to allege or plead either specifically, or generally, when the action, or cause of action arose.

It appears in the record that the first petition was filed on behalf of J. H. Gobeli, and that subsequently, an amended petition was filed, in which Charles R. Collin was made petitioner, and the president and members of the board of trustees of the Village of Broadview and the Village of Broadview, were made respondents. Leave of court was not obtained, to make additional parties plaintiff, or defendants. The trial was had and it does not appear that any evidence was introduced nor the court's attention called to any facts other than those as alleged by petitioners. It does appear that the original petition was filed on May 4, 1940, and that seventeen days later, on May 21,

1940, J. H. Gobeli obtained an option to purchase the property in question on different terms than those set forth in the first agreement, executed in 1939, and which had been terminated by the parties long before this suit was instituted.

The order entered by the court directed that a writ of mandamus issue, directed to the Village of Broadview, a municipal corporation, M. E. Braga, president of the Village of Broadview, J. W. Taylor, clerk of the Village of Broadview, Don Zugenbuehler, James Karl, R. Horn, F. Tiefenthal, T. C. Peterson and E. E. Breseman, trustees of the Village of Broadview, to issue forthwith the necessary building permit for the construction of the improvement, in accordance with the plans and specifications heretofore filed and to do any and all acts necessary and requisite to the end that petitioners be given their building permit to construct the proposed building and improvements for the purpose of utilizing said property "as a retail gas service station." The petitioners challenge the respondents' contention that the Village of Broadview had authority to pass an ordinance in 1926 regulating the sale, storage and use of gasoline. The Supreme Court upheld in the case of *City of Ottawa v. Brown,* 372 Ill. 468, an ordinance of the city of Ottawa as being within the exception of the act of 1919 (par. 351-3, Ch. 38, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann.]) in favor of cities or villages which had in full force and effect a regulatory ordinance for keeping, storage, transportation, sale or use of gasoline and volatile oils. The opinion of the court states:

". . . The 1916 ordinance regulated the storage of gasoline and was in full force and effect when the 1919 act became effective. The city had sufficiently exercised the power to enable it either to amend the ordinance or to adopt a broader one. This being true, the ordinance of July 3, 1930, was authorized and was valid. This conclusion is supported by our holding in

the case of *Fligelman v. City of Chicago,* 348 Ill. 294."
After quoting from this opinion, it is contended that
it therefore, follows that unless the Village of Broad-
view had entered the field of regulation prior to July 1,
1919, it lost its power to so regulate on said date, and
since by its own terms and recitals, this ordinance was
adopted in 1926, seven years after the power to pass
such an ordinance was expressly taken away from all
cities and villages by the Legislature, it necessarily
follows that such ordinance was of no force and effect.

It does not appear from the record that the Village
of Broadview had entered the field of regulation prior
to July 1, 1919, so as to thereby reserve the power to
regulate within the exception in the statute of July 1,
1919, which transferred the power to the department
of trade and commerce. Petitioners contend that the
issues as determined by the pleadings in the case
placed the burden upon the respondents to show that
there were some valid requirements which the peti-
tioners had not complied with as a prerequisite to the
issuance of a building permit; and suggest that both
counsel for respondents admitted in their argument
that no such ordinance existed July 1, 1919, or at
any time prior thereto.

The Supreme Court in the case of *Kizer v. City of
Mattoon,* 332 Ill. 545, said:

"It is contended by appellants that the legislature
has taken the power of regulation from cities with
reference to the storage, keeping and sale of gasoline,
volatile oils and illuminating oils, which are attempted
to be regulated by the ordinance, and has vested it in
the Department of Trade and Commerce of the State,
and that there was no power or authority in the city of
Mattoon, at the time the ordinance was enacted, to
pass the same.

"Clause 65 of section 1, article 5, of the Cities and
Villages act, (Smith's Stat. 1927, p. 340,) which was
first enacted in 1874, gave city councils power as fol-

lows: 'To regulate and prevent storage of gunpowder, tar, pitch, resin, coal oil, benzine, turpentine, hemp, cotton, nitroglycerine, petroleum, or any of the products thereof, and other combustible or explosive material and the use of lights in stables, shops, and other places, and the building of bonfires; also to regulate, restrain and prohibit the use of fireworks, firecrackers, torpedoes, Roman candles, sky-rockets, and other pyrotechnic displays.' . . .

"The power to pass ordinances such as the one here in question was delegated to cities by the State through its legislature. Where the State delegates such power to a municipality it may resume it through legislative action and thus deprive the municipality of the right to exercise it. (*City of Chicago v. Phœnix Ins. Co.,* 126 Ill. 276; *Wilkie v. City of Chicago,* 188 id. 444.) Prior to July 1, 1919, the exclusive power of regulation here involved was lodged in cities and villages by virtue of clause 65 above quoted. By its act to regulate the storage, transportation, sale and use of gasoline and other volatile oils, in force July 1, 1919, the State withdrew from municipalities this exclusive power of regulation and gave to the Department of Trade and Commerce exclusive power to make and adopt reasonable rules and regulations governing the keeping, storage, transportation, sale or use of gasoline and volatile oils, except in cities or villages where regulatory ordinances upon the subject were in full force and effect. In accordance with such authority the Department of Trade and Commerce immediately adopted and put in force on July 1, 1919, comprehensive rules and regulations on the subject which were applicable to and effective in the entire State, except in municipalities where regulatory ordinances on the subject were in full force and effect. The city of Mattoon on July 1, 1919, not having in full force and effect regulatory ordinances on the subject, its delegated power to enact such ordinances was automatically withdrawn by

the State and the exclusive power to make such regulations for the city of Mattoon became vested in the Department of Trade and Commerce. The city of Mattoon having been divested of this power by the State, could not by its own action reacquire such power, but could only regain it by subsequent action on the part of the legislature. The city council at the time it adopted the ordinance in question having no power to adopt the same, it was invalid and of no effect. The circuit court therefore erred in holding it valid and in not granting the relief prayed for in appellants' amended bill of complaint." The ordinance that was passed by the trustees of the Village of Broadview in the year 1926, could not have such authority unless on July 1, 1919, the village had in force an ordinance on the subject, which would bring the village within the exception contained in the act of July 1, 1919, whereby the regulatory power was withdrawn from cities and villages and was transferred to the department of trade and commerce. As we have already indicated there is no evidence in the record that the Village of Broadview had entered the field of regulation prior to July 1, 1919, so as to thereby reserve the power to regulate within the exception of the Act of 1919, which transferred the power to the department of trade and commerce.

When we come to consider the ordinance that was passed by the Village of Broadview in the year 1926, the village was without authority, as we have indicated, for the reason that prior to July 1, 1919, there was no ordinance, as far as this record is concerned, that would bring the village within the exception created by the Act of 1919 (pars. 351–353, ch. 38, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 93.12–93.14]). Not having the power to pass the ordinance of 1926, the Village of Broadview having been divested of any right to pass the ordinance by the Act of July 1, 1919, unless it had in force a regulatory ordinance on the

subject on July 1, 1919, the said ordinance of 1926 was invalid and of no effect. Therefore, under the conditions provided for in the statute, the regulatory power having been vested in the department of trade and commerce, the court erred in entering the order that the building permit be granted to construct the proposed building and improvements for the purpose of utilizing the property in question ''as a retail gas service station,'' since it was not shown that the rules and regulations of the department of trade and commerce had been complied with.

Under the facts and circumstances appearing in this record and the law that has been presented, we are of the opinion that the court erred in entering the mandamus order for petitioners, and such mandamus order will, therefore, be reversed.

*Mandamus order reversed.*

BURKE, P. J., and DENIS E. SULLIVAN, J., concur.